UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,         ) ) ) ) | CIVIL ACTION |
| Plaintiff                                       ) ) | FILE NO. 05-2563 Ml/P |
| v.                                              ) ) ) | |
| MIN FANG YANG, HUO GUANG HUANG, TASTY BUFFET, INC., and TASTY CHINA BUFFET, INC.,   ) ) ) ) ) | |
| Defendants                                      ) | |

FILED IN OPEN COURT
DATE: 9/19/05
TIME: 10:30 AM
INITIALS: JPW

### AGREED ORDER OF PRELIMINARY INJUNCTION

This cause came on for consideration upon plaintiff's motion and defendants' consent to entry of this Agreed Order of Preliminary Injunction, without further contest of the plaintiff's motion for preliminary injunction.

The parties hereby stipulate and this Court hereby finds:

1. The defendants own and operate two buffet restaurants located at 815 Exocet Drive, Suite 102, Cordova,

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 9-19-05



Tennessee 38018, and at 3420 Plaza Avenue, Memphis, Tennessee 38111, within the jurisdiction of this court, and subject to the statutory requirements of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. § 201 et seq.] (hereinafter referred to as the FLSA or the Act) and the related regulations;

2. Since July 2002, the defendants have suffered or permitted to work employees at the two buffet restaurants located and doing business in Cordova and Memphis, Tennessee and therefore have been employers within the meaning of Sections 3(d) and 3(g) of the FLSA [29 U.S.C. 203(d) and 203(g)].

3. The defendants' employees have been and are engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b) and 3(j), respectively, of the FLSA [29 U.S.C. 203(b) and 203(j)].

4. Since July 2002, the servers, cooks, cashiers, and other employees employed by the defendants at the two buffet restaurants have been non-exempt employees under the 29 C.F.R. Part 541 regulations of the FLSA.

5. Since July 2002, the defendants have failed to pay the servers minimum wages in accordance with Sections 6 and 15(a)(2) of the FLSA [29 U.S.C. 206 and 215(a)(2)].

6. Since July 2002, the defendants have failed to pay the servers, cooks, cashiers, and other employees overtime

wages for all hours worked over 40 hours per workweek in accordance with Sections 7 and 15(a)(2) of the FLSA [29 U.S.C. 207 and 215(a)(2)].

7. Since July 2002, the defendants have failed to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by the defendants in accordance the provisions of Sections 11(c) and 15(a)(5) of the FLSA [29 U.S.C. 211(c) and 215(a)(5)], and Regulation 29 C.F.R. § 516.

8. The plaintiff has a strong likelihood of success on the merits.

9. The plaintiff and the public interest will suffer irreparable injury, loss, and damage unless the defendants are restrained and enjoined immediately from continuing to violate the provisions of the FLSA.

10. The public interest would be served by issuance of the injunction.

11. The plaintiff has no adequate remedy at law for these continuing violations.

It is, therefore,

ORDERED, ADJUDGED and DECREED that defendants, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are

enjoined from violating the provisions of the FLSA, in any of the following manners:

1. They shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, [29 U.S.C. 206 and 215(a)(2)], employ employees who are regularly engaged in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or in the production of goods for commerce, unless such employee is compensated for such hours worked at the applicable minimum hourly rate.

2. They shall not, contrary to sections 7 and 15(a)(2) of the Act [29 U.S.C. §§ 207 and 215(a)(2)], employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a work week unless such employee is compensated for such hours worked at an overtime rate of at least one and one half times the regular rate at which such employee is employed or at such other rate as is allowed by regulation.

3. They shall not, contrary to sections 11(c) and 15(a)(5) of the Act [29 U.S.C. §§ 211(c) and 215(a)(5)], fail to make, keep, and preserve adequate and accurate employment records as prescribed by Regulation 29 C.F.R. § 516.

Ordered and agreed this __19__ day of __Sept.__, 2005.

_____
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

The parties consent to entry of the foregoing Consent Order:

_____
MIN FANG YANG
Individually and
as Owner of
Tasty Buffet, Inc. and
Tasty China Buffet, Inc.

_____
HUO GUANG HUANG
Individually and
as Owner of
Tasty Buffet, Inc. and
Tasty China Buffet, Inc.

_____
Herbert D. Hurst  18721
2287 Union Ave.
Memphis, TN 38104
901 725 1000

HOWARD M. RADZELY
Solicitor of Labor
BPR No. 437957

STANLEY E. KEEN
Regional Solicitor
BPR No. 410642

THERESA BALL
Associate Regional Solicitor
BPR No. 002526

_____
BRIAN W. DOUGHERTY
Attorney
BPR No. 1013
Office of the Solicitor
618 Church Street, Suite 230
Nashville, Tennessee  37219-2456

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 20 in case 2:05-CV-02563 was distributed by fax, mail, or direct printing on September 19, 2005 to the parties listed.

---

Brian W. Dougherty
U.S. DEPARTMENT OF LABOR
618 Church Street
Ste. 230
Nashville, TN 37219--245

Howard M. Radzely
U.S. DEPARTMENT OF LABOR
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

Theresa Ball
Office of the Solicitor
618 Church Street
Suite 230
Nashville, TN 37219--245

Stanley E. Keen
Office of the Solicitor
618 Church Street
Suite 230
Nashville, TN 37219--245

Honorable Jon McCalla
US DISTRICT COURT